Eugene Killian, Jr. (Bar No. 002081990)
Ryan Milun (Bar No. 043412006)
THE KILLIAN FIRM, P.C.
555 Route 1 South, Suite 420
Iselin, NJ  08830
732-912-2100
rmilun@tkfpc.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD P. MILIONE, D.C., | CIVIL ACTION NO.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| UNITED HEALTHCARE; OPTUMHEALTH CARE SOLUTIONS, LLC; OXFORD HEALTH PLANS, INC.; and CIGNA HEALTH MANAGEMENT, INC., | |
| Defendant. | |

Plaintiff, Donald P. Milione, D.C. ("Milione"), with a business address located at 330 E. 79 Street, New York, New York 10075 for his complaint against defendants United Healthcare ("UHC"); Optum Healthcare Solutions, LLC ("Optum"); Oxford Health Plans, Inc. ("Optum"); and Cigna Health management, Inc.("Cigna"), states:

## THE PARTIES

1. United Healthcare ("UHC") is a corporation that sells insurance products, including health insurance plans and policies, within the State of New Jersey and specifically within this district.

2. OptumHealth Care Solutions, LLC ("Optum") is a company that performs reviews on behalf of Oxford Health Plans and reviews appeals related to benefit determinations

under the Oxford Health Plans, within the State of New Jersey and specifically within this District.

3. Oxford Health Plans ("Oxford") is a part of United Healthcare and sells insurance products, including health insurance policies and plans within the State of New Jersey and specifically in this district.

4. Cigna Health Management, Inc. ("Cigna") is a corporation that sells insurance products, including health insurance policies, within the State of New Jersey and specifically within this district.

5. Donald P. Milione ("Milione") provides chiropractic services to his patients in the New York, New Jersey and Connecticut area.

6. During the relevant time period, Milione provided chiropractic services to Kavita Narain ("Narain") who was covered by an insurance policy or plan sold by Cigna. Narain assigned her claims to coverage under the Cigna policy to Milione so that he can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC under the plan covering Narain at the time the services were performed.

7. Milione also provided chiropractic services to Yazmin Carrasco ("Carrasco") who was covered by an insurance policy sold by Cigna. Carrasco assigned her claims to coverage under the Cigna plan to Milione so that he can prosecute this action for the recovery of benefits improperly denied or underpaid by Cigna under the plan covering Carrasco at the time the services were performed.

8. Milione also provided chiropractic services to Jeremiah Carrasco ("J. Carrasco") who was covered by an insurance policy sold by Cigna.  J. Carrasco assigned his claims to coverage and benefits under the Cigna plan to Milione so that he can prosecute this action for the

recovery of benefits improperly denied or underpaid by Cigna under the plan covering J. Carrasco at the time the services were performed.

9. Milione also provided chiropractic services to Alexandra Nakos ("Nakos") who was covered by an insurance policy sold by UHC/Oxford and administered by Oxford and Optum. Nakos has properly assigned her claims to coverage and benefits under the UHC/Oxford/Optum policy so that Milione can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC/Oxford/Optum under the plan covering Nakos at the time the services were performed.

10. Milione also provided chiropractic services to Benjamin Maidenbaum ("Maidenbaum") who was covered by an insurance policy sold by UHC/Oxford and administered by Oxford and Optum. Maidenbaum has properly assigned his claims to coverage and benefits under the UHC/Oxford/Optum plan so that Milione can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC/Oxford/Optum under the plan covering Maidenbaum at the time the services were performed.

11. Milione also provided chiropractic services to Jillian Golden ("Golden") who was covered by an insurance policy sold by UHC/Oxford and administered by Oxford and Optum. Golden has properly assigned her claims to coverage and benefits under the UHC/Oxford/Optum plan so that Milione can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC/Oxford/Optum under the plan covering Golden at the time the services were performed.

12. Milione also provided chiropractic services to Robert Pino ("Pino") who was covered by an insurance policy sold by UHC/Optum and administered by Oxford and Optum. Pino has properly assigned his claims to coverage and benefits under the UHC/Optum/Oxford

plan so that Milione can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC/Optum/OXford under the plan covering Pino at the time the services were performed

13. Finally, Milione also provided chiropractic services to Raymond Van Nostrand ("Van Nostrand") who was covered by an insurance policy sold by UHC/Oxford and administered by Oxford and Optum. Van Nostrand has assigned his claims to coverage and benefits under the UHC/Oxford/Optum policy to Milione so that he can prosecute this action for the recovery of benefits improperly denied or underpaid by UHC/Oxford/Optum under the plan covering Van Nostrand at the time the services were performed.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over this action under 28 USC §1331 and under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1132 as this action involves a claim by Milione for his patients' benefits under an employee benefit plan regulated and governed under ERISA.

15. Venue exists in this District under 28 USC §1391 in that the defendants reside in this district as entities that are "subject to the Court's personal jurisdiction with respect to the civil action in question" and the Defendants regularly conduct business in this district including the sale of insurance policies to citizens of this District.

## NATURE AND BACKGROUND OF THIS ACTION

16. This action governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, arises out of the repeated failure of Defendants to provide benefits for medically necessary treatment of several patients of plaintiff Dr. Donald Milione,

D.C. ("Milione"). Defendants set up one obstacle after another to Plaintiff's quest to have his services covered.

17. As described below, Defendants repeatedly denied or underpaid Milione's patients claims for various services, including Nerve Conduction Studies and in denying or underpaying the claims, routinely ignored relevant information submitted by Milione during the claims and/or appeal process and refused to properly consider the appeals filed by Milione on behalf of his patients.

18. Defendants not only made erroneous benefit determinations that should be reversed, they also grievously violated their duties as ERISA fiduciaries. They have failed to act prudently and in the interests of Milione's patients, the plan beneficiaries; have failed to follow written plan documents; and have failed to decide the claims under a full and fair claims procedure as set forth in ERISA's claims regulations. See 29 U.S.C. §§ 1104, 1133; 29 C.F.R. § 2560.503-1.

19. Plaintiff seeks payment of all benefits due to his patients under the valid assignments he received prior to providing services and Plaintiff further seeks injunctive and other equitable relief requiring Defendants to comply with the requirements of ERISA in the future with regard to additional services provided to patients.

*Kavita Narain:*

20. Narain was a patient of Milione at the time Cigna denied benefits for certain services performed on the following dates: October 26, 2020, October 27, 2020, and October 28, 2020.

21. Narain was, at all relevant times, a covered beneficiary under a benefit plan regulated by ERISA and pursuant to which, Narain is entitled to health care benefits.

22. The claims for the denied procedures were delivered to Cigna with relevant medical records and other information supporting the claim; however, Cigna still refused to pay for these covered benefits, inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

23. Cigna's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

24. The total for all of the required services that were improperly denied or underpaid by Cigna for Narain is: **$4,622.41.**

25. After the benefits were improperly denied or underpaid, Milione (on behalf of Narain) completed the entire required appeal process under the Cigna plan thereby satisfying the requirement to exhaust administrative remedies prior to filing suit.

26. Despite completing the appeal process, Cigna's denial remained in place.

27. To date, the claim for benefits for Narain remains denied and unpaid.

*Yazmin Carrasco:*

28. Carrasco was a patient of Milione at the time Cigna failed to pay and/or significantly underpaid benefits for certain procedures performed on December 10, 2020 and December 21, 2020.

29. The denied procedures were for Nerve Conduction Studies and other related procedures on the date listed above.

30. Carrasco was at all times a beneficiary under a benefit plan regulated by ERISA and pursuant to which Carrasco was entitled to health benefits.

31. Cigna denied or underpaid the benefits due to Carrasco for the Nerve Conduction Studies and related procedures on the above-mentioned date despite the fact that the procedures

were not only medically necessary, Cigna had already paid for the exact same procedures at other times during the plan year and during the prior plan years for other patients of Milione.

32. Cigna also ignored the medical information provided by Milione to support the benefits determination and to confirm that the procedures were indeed medically necessary as defined under the Cigna plan.

33. The total amount for all of the required services that were improperly denied or underpaid by Cigna for Carrasco was approximately **$6,977.34**.

34. After the benefits were denied or underpaid, Milione (on behalf of Carrasco) went through the necessary appeals process under the Cigna plan yet all appeals were improperly denied – again by Cigna relying on an improper application of the medical necessity criteria among other unsupported reasons.

35. To date, the claim for benefits to Carrasco remains unpaid.

*Jeremiah Carrasco:*

36. J. Carrasco was a patient of Milione at the time that Cigna significantly underpaid benefits for certain services performed on December 9, 2020 and December 10, 2020.

37. The denied procedures were for Nerve Conduction Studies and other related procedures on the date listed above.

38. J. Carrasco was at all times a beneficiary under a benefit plan regulated by ERISA and pursuant to which J. Carrasco was entitled to health benefits.

39. Cigna denied or underpaid the benefits due to J. Carrasco for the Nerve Conduction Studies and related procedures on the above-mentioned date despite the fact that the procedures were not only medically necessary, Cigna had already paid for the exact same

procedures at other times during the plan year and during the prior plan years for other patients of Milione.

40. Cigna also ignored the medical information provided by Milione to support the benefits determination and to confirm that the procedures were indeed medically necessary as defined under the Cigna plan.

41. The total amount for all of the required services that were improperly denied or underpaid by Cigna for J. Carrasco was approximately **$6,977.34**.

42. After the benefits were denied or underpaid, Milione (on behalf of J. Carrasco) went through the necessary appeals process under the Cigna plan yet all appeals were improperly denied – again by Cigna relying on an improper application of the medical necessity criteria among other unsupported reasons.

43. To date, the claim for benefits to J. Carrasco remains unpaid.

*Alexandra Nakos:*

44. Nakos was a patient of Milione at the time that UHC/Oxford failed to pay and/or significantly underpaid benefits for certain procedures performed on February 20, 2020 and March 4, 2020.

45. The denied procedures were for CPT Code 95910 for Nerve Conduction Studies and other related procedures on the various dates listed.

46. Nakos was at all relevant times a beneficiary under a benefit plan regulated by ERISA and pursuant to which Nakos is and was entitled to health benefits.

47. UHC/Optum/Oxford denied the payment of benefits to Nakos for the Nerve Conduction Studies and related procedures on the above-mentioned dates despite the fact that the procedures were not only medically necessary, UHC/Optum/Oxford had already paid for the

exact same benefits at other times during the plan year and during the prior plan years for various other UHC patients.

48. UHC/Optum/Oxford also ignored the medical information provided by Milione to support the benefits determinations and to confirm that the procedures were indeed medically necessary as defined under the plan.

49. The total for all of the required services that were improperly denied or underpaid by UHC/Optum/Oxford was approximately **$4,727.84**.

50. After the benefits were denied or underpaid, Milione (on behalf of Nakos) went through the necessary appeals process under the plan yet all appeals were improperly denied – again by UHC/Optum/Oxford relying on an improper application of the medical necessity criteria among other unsupported reasons.

51. To date, the claim for benefits owed for Nakos remain unpaid.

*Benjamin Maidenbaum:*

52. Maidenbaum was a patient of Milione at the time that UHC/Oxford has failed to pay and/or significantly underpaid benefits for certain procedures performed on September 23, 2020, September 24, 2020, October 5, 2020, October 14, 2020, and October 19, 2020.

53. The denied or underpaid procedures were for CPT Code 95910 and related studies and procedures on the various dates listed above.

54. Maidenbaum was at all relevant times a beneficiary under a plan regulated by ERISA and pursuant to which Maidenbaum is and was entitled to health benefits.

55. UHC/Optum/Oxford denied the benefits or significantly underpaid the benefits to Maidenbaum for the Nerve Conduction Studies and related procedures on the above-mentioned dates despite the fact that the procedures were not only medically necessary,

Case 2:21-cv-15957-JXN-JSA   Document 1   Filed 08/24/21   Page 10 of 19 PageID: 10

UHC/Optum/Oxford had already paid for the exact same benefits (or paid at much higher rates) at other times during the plan year and/or during prior plan years for other patients covered by the UHC/Oxford/Optum plan.

56. In denying the benefits, UHC/Optum/Oxford also ignored the medical information provided by Milione to support the benefits determination and to confirm that the procedures were indeed medically necessary and should have been paid in full.

57. The total for all of the required procedures that were improperly denied by UHC/Optum/Oxford was approximately **$8,417.70**.

58. After the benefits were denied or underpaid, Milione (on behalf of Maidenbaum) went through the necessary appeals process under the plan yet all appeals were improperly denied – again by UHC/Optum/Oxford relying on improper application of the medical necessity criteria among other unsupported reasons for the denials and/or failing to make the full required payments.

59. To date, the claims for benefits owed to Maidenbaum remain unpaid.

*Jillian Golden:*

60. Golden was a patient of Milione at the time that UHC/Oxford failed to pay and/or has significantly underpaid benefits for certain procedures performed on July 27, 2020, July 29, 2020, August 10, 2020, August 17, 2020, August 19, 2020, August 24, 2020, August 26, 2020, August 31, 2020, September 8, 2020, September 10, 2020, September 14, 2020, September 16, 2020, September 21, 2020, October 5, 2020, October 19, 2020, November 2, 2020, November 23, 2020, and December 14, 2020.

61. The denied procedures were for CPT Code 95910 for Nerve Conduction Studies and other related procedures on the various dates listed.

62. Golden was at all relevant times a beneficiary under a plan regulated by ERISA and pursuant to which Golden is and was entitled to benefits.

63. UHC/Oxford/Optum denied the payment of benefits to Golden and/or significantly underpaid for certain benefits for the Nerve Conduction Studies and related procedures on the above-mentioned dates despite the fact that the procedures were not only medically necessary, UHC/Oxford/Optum had already paid for the exact same benefits at other times during the plan year and during the prior plan years for various of Milione's patients.

64. UHC/Oxford/Optum also ignored the medical information provided by Milione to support the benefits determinations and to confirm that the procedures were indeed medically necessary as defined under the plan.

65. The total for all of the required services that were improperly denied and/or severely underpaid by UHC/Oxford/Optum was approximately **$19,669.51**.

66. After the benefits were denied, Milione (on behalf of Golden) went through the necessary appeal procedures under the plan yet all appeals were improperly denied – again by UHC/Oxford/Optum relying on an improper application of the medical necessity criteria among other unsupported reasons.

67. To date, the claim for benefits owed to Golden remain unpaid.

*Robert Pino:*

68. Pino was a patient of Milione at the time that UHC/Oxford failed to pay or has significantly underpaid benefits for certain procedures performed on September 23, 2019.

69. The denied procedures were for CPT Code 95910 for Nerve Conduction Studies and other related procedures on the various dates listed.

70. Pino was at all relevant times a beneficiary under a benefit plan regulated by ERISA and pursuant to which Pino is and was entitled to health benefits.

71. UHC/Oxford/Optum denied the payment of benefits to Pino or significantly underpaid the benefits to Pino for the Nerve Conduction Studies on the above-mentioned dates despite the fact that the procedures were not only medically necessary, UHC/Oxford/Optum had already paid for the exact same benefits at other times during the plan year and during the prior plan years for numerous Milione patients covered by the plan.

72. UHC/Oxford/Optum also ignored the medical information provided by Milione to support the benefits determinations and to confirm that the procedures were indeed medically necessary as defined under the plan.

73. The total amount UHC/Oxford/Optum was approximately **$3,731.67**.

74. After the benefits were denied, Milione (on behalf of Pino) went through the necessary appeals process under the UHC/Oxford/Optum plan yet all appeals were improperly denied – again by UHC/Oxford/Optum relying on an improper application of the medical necessity criteria among other unsupported reasons.

75. To date, the claims for benefits owed to Pino remain unpaid.

*Raymond Van Nostrand:*

76. Van Nostrand was a patient of Milione at the time that UHC/Oxford failed to pay or has significantly underpaid benefits for certain procedures performed on January 25, 2021, January 26, 2021, and January 29, 2021.

77. The denied procedures were for CPT Code 95910 for Nerve Conduction Studies and other related procedures on the various dates listed.

78. Van Nostrand was at all relevant times a beneficiary under a benefit plan regulated by ERISA and pursuant to which Van Nostrand is and was entitled to health benefits.

79. UHC/Oxford/Optum denied the payment of benefits to Van Nostrand or significantly underpaid the benefits to Van Nostrand for the Nerve Conduction Studies on the above-mentioned dates despite the fact that the procedures were not only medically necessary, UHC/Oxford/Optum had already paid for the exact same benefits at other times during the plan year and during the prior plan years for numerous Milione patients covered by the plan.

80. UHC/Oxford/Optum also ignored the medical information provided by Milione to support the benefits determinations and to confirm that the procedures were indeed medically necessary as defined under the plan.

81. The total amount for all of the required services that were improperly denied or underpaid by UHC/Oxford/Optum was approximately **$3,731.67**.

82. After the benefits were denied, Milione (on behalf of Van Nostrand) went through the necessary appeals process under the UHC/Oxford/Optum plan yet all appeals were improperly denied – again by UHC/Oxford/Optum relying on an improper application of the medical necessity criteria among other unsupported reasons.

83. To date, the claims for benefits owed to VanNostrand remain unpaid

84. The decisions on the appeals by the various insurance carrier reviewers for the various Milione patients were done in such a way as to suggest that the reviewers were actually looking for ways to deny coverage as opposed to looking for ways to cover Narain, Carrasco, J. Carrasco, Nakos, Maidenbaum, Golden, Pino, and Van Nostrand. This is improper under ERISA.

85. The various carriers were required to provide benefits and coverage to Milione's patients, including Narain, Carrasco, J. Carrasco, Nakos, Maidenbaum, Golden, Pino, and Van Nostrand, for the various nerve studies and other procedures conducted on each patient and by this action, Milione is seeking to enforce the coverage for the paid-for benefits his patients are entitled to under the various plans sold by the various insurance carriers listed in this complaint.

### FIRST CLAIM FOR RELIEF
### AGAINST CIGNA FOR DENIAL OF BENEFITS – Narain, Carrasco, J. Carrasco

86. Milione repeats the allegations contained in each of the preceding paragraphs of this Complaint.

87. Claims were submitted to Cigna for various procedures conducted on Milione's patient, Narain for dates of service: October 26, 2020, October 27, 2020, and October 28, 2020.

88. Claims were also submitted to Cigna for various procedures conducted on Milione's patient, Carrasco for dates of service: December 10, 2020 and December 21, 2020.

89. Claims were also submitted to Cigna for various procedures conducted on Milione's patient, J. Carrasco for dates of service December 9, 2020 and December 10, 2020.

90. The claims for benefits by Narain, Carrasco, and J. Carrasco were improperly denied or underpaid by Cigna and there is a total amount due and outstanding for the three patient/claimants of **$18,577.09**, which was the total cost of treatment for the above claims.

91. Cigna wrongfully denied or underpaid the claims for, among other reasons, that the claims were supposedly not medically necessary.

92. The positions taken by Cigna in denying or underpayment of the claims were not only contrary to the plans, but they were also contrary to the positions that Cigna had already taken on multiple occasions during the plan year and in prior plan years at which time Cigna had paid the appropriate amounts for the procedures and requested benefits.

93. Inexplicably, despite a full appeal process, Cigna has steadfastly maintained its denial or underpayment of benefits.

94. Cigna's denial or underpayment of benefits was not in the best interest of the patients and was a threat to their well-being.

95. Following the denial or underpayment of the claim for benefits to Narain, Carrasco, and J. Carrasco under the Cigna plans, all required administrative remedies under ERISA were exhausted.

96. As a proximate result of the denial or underpayment of medical benefits, Milione has been damaged in the amount of all medical bills incurred for the various procedures, in a total sum to be proven at the time of trial, but believed to be **$18,577.09**.

97. As a further direct and proximate result of Cigna's improper determination regarding the various procedures, Milione, in pursuing this action, has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Milione is entitled to have those fees and costs paid for by UHC.

**WHEREFORE**, Milione demands relief under ERISA as follows:

a. For compensatory damages, including all amounts owed to date for the required procedures for Narain, Carrasco, and J. Carrasco totaling **$18,577.09**;

b. A declaration that Cigna was and is required to pay for the various procedures at issue;

c. For attorneys fees as permitted by law;

d. Interest and costs of suit;

e. Such other relief that the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
## AGAINST UHC/OXFORD/OPTUM FOR DENIAL OF BENEFITS – Nakos, Maidenbaum, Golden, Pino, and Van Nostrand

98. Milione repeats the allegations contained in each of the preceding paragraphs of this Complaint.

99. Claims were submitted to UHC/Optum/Oxford for various procedures conducted on Milione's patient, Nakos for dates of service: February 20, 2020 and March 4, 2020.

100. Claims were submitted to UHC/Optum/Oxford for various procedures conducted on Milione's patient, Maidenbaum for dates of service: September 23, 2020, September 24, 2020, October 5, 2020, October 14, 2020, and October 19, 2020.

101. Claims were submitted to UHC/Optum/Oxford for various procedures conducted on Milione's patient, Golden for dates of service: July 27, 2020, July 29, 2020, August 10, 2020, August 17, 2020, August 19, 2020, August 24, 2020, August 26, 2020, August 31, 2020, September 8, 2020, September 10, 2020, September 14, 2020, September 16, 2020, September 21, 2020, October 5, 2020, October 19, 2020, November 2, 2020, November 23, 2020, and December 14, 2020.

102. Claims were submitted to UHC/Optum/Oxford for various procedures conducted on Milione's patient Pino for dates of services: September 23, 2020.

103. And finally, claims were submitted to UHC/Optum/Oxford for various procedures conducted on Milione's patient Van Nostrand for dates of services, January 25, 2021, January 26, 2021, and January 29, 2021.

104. The claims for benefits submitted by Nakos, Maidenbaum, Golden, Pino, and Van Nostrand were improperly denied or underpaid by UHC/Optum/Oxford and there is a total

amount due and outstanding for the three patient/claimants of **$40,416.39**, which was the total cost of treatment for the various claim dates.

106. UHC/Optum/Oxford wrongfully denied the claims or underpaid the claims for, among other reasons, that the claims were not medically necessary.

106. The positions taken by UHC/Optum/Oxford in denying or underpayment of the claims were not only contrary to the various plan documents, but they were also contrary to positions that UHC/Optum/Oxford had already taken on multiple occasions during the plan year and in the prior plan years at which time UHC/Optum/Oxford had paid the appropriate amounts for the procedures and requested benefits.

107. Inexplicably, despite a full and complete appeal process, UHC/Optum/Oxford has steadfastly maintained its denial or underpayment of benefits.

108. UHC/Optum/Oxford's denial or underpayment of benefits was not in the best interest of the patients and was a threat to their wellbeing.

109. Following the denial or underpayment of the claim for benefits to Nakos, Maidenbaum, Golden, Pino, and Van Nostrand under the UHC/Optum/Oxford plans, all required administrative remedies under ERISA were exhausted.

110. As a proximate result of the denial or underpayment of medical benefits, Milione has been damaged in the amount of all medical bills incurred for the various procedures, in a sum to be proven at the time of trial, but believed to be **$40,416.39.**

111. As a further direct and proximate result of Optum/Oxford's improper determination regarding the various procedures, Milione, in pursuing this action, has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Milione is entitled to have those fees and costs paid for by UHC/Optum/Oxford.

**WHEREFORE**, Milione demands relief under ERISA as follows:

a. For compensatory damages, including all amounts owed to date for the required and covered nerve studies and related procedures for Nakos, Maidenbaum, Golden, Pino, and Van Nostrand totaling **$40,416.39**;

b. A declaration that UHC/Optum/Oxford was and is required to pay for the required nerve studies and related procedures;

c. For attorneys fees as permitted by law;

d. Interest and costs of suit;

e. Such other relief that the Court deems appropriate.

Dated: August 24, 2021                                  **THE KILLIAN FIRM, P.C.**
                                                        Attorneys for Plaintiff


                                          By:    /s/ Ryan Milun
                                                 RYAN MILUN
                                                 THE KILLIAN FIRM, P.C.
                                                 555 Route 1 South, Suite 420
                                                 Iselin, NJ 08830
                                                 732-912-2100
                                                 rmilun@tkfpc.com

## **RULE 11 CERTIFICATION**

RYAN MILUN declares as follows:

I am an attorney in the law firm of The Killian Firm, P.C., the attorneys for plaintiff in this action. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2021

/s/ Ryan Milun
RYAN MILUN